**2014 UT App 261**

## THE UTAH COURT OF APPEALS

STATE OF UTAH, IN THE INTEREST OF C.H., A PERSON UNDER
EIGHTEEN YEARS OF AGE.

C.C.,
Appellant,
*v.*
STATE OF UTAH,
Appellee.

Per Curiam Decision
No. 20140835-CA
Filed November 14, 2014

Third District Juvenile Court, Salt Lake Department
The Honorable Christine S. Decker
No. 1087762

James D. Smith, Attorney for Appellant

Sean D. Reyes and John M. Peterson, Attorneys for Appellee

Martha Pierce, Guardian ad Litem

Before JUDGES GREGORY K. ORME, J. FREDERIC VOROS JR., and
JOHN A. PEARCE.

PER CURIAM:

¶1   C.C. (Mother) appeals the order terminating her parental
rights to C.H. We affirm.

¶2   "[I]n order to overturn the juvenile court's decision, the
result must be against the clear weight of the evidence or leave the
appellate court with a firm and definite conviction that a mistake
has been made." *In re B.R.*, 2007 UT 82, ¶ 12, 171 P.3d 435 (citation

and internal quotation marks omitted). We "review the juvenile court's factual findings based upon the clearly erroneous standard." *In re E.R.*, 2001 UT App 66, ¶ 11, 21 P.3d 680. A finding of fact is clearly erroneous when, in light of the evidence supporting the finding, it is against the clear weight of the evidence. *See id.* Therefore, "[w]hen a foundation for the court's decision exists in the evidence, an appellate court may not engage in a reweighing of the evidence." *In re B.R.*, 2007 UT 82, ¶ 12.

¶3     The juvenile court concluded that several grounds supported termination of Mother's parental rights. Pursuant to Utah Code section 78A-6-507, the finding of a single enumerated ground will support the termination of parental rights. *See* Utah Code Ann. § 78A-6-507 (LexisNexis 2012). Therefore, it is sufficient if the evidence supports any of the grounds for termination found by the juvenile court. The court found that Mother abandoned her child, *see id.* § 78A-6-507(1)(a) and that Mother was an unfit or incompetent parent, *see id.* § 78A-6-507(1)(c). The court further found, pursuant to Utah Code section  78A-6-507(1)(d), that (1) C.H. had been in an out-of-home placement under the supervision of the juvenile court and the Division of Child and Family Services (DCFS), (2) she "substantially neglected, willfully refused, or has been unable or unwilling to remedy the circumstances that caused the [child] to be in an out-of-home placement," and (3) "there is a substantial likelihood that [Mother] will not be capable of exercising proper and effective parental care in the near future." *See id.* § 78A-6-507(1)(d)(i), (ii),(iii). The court also found that Mother failed in her parental adjustment, *see id*. § 78A-6-507(1)(e), and that she made no serious effort to support or communicate with her child, eliminate the risk of abuse or neglect, or avoid being an unfit parent, *see id.* § 78A-6-507(1)(f). The court found that it was in C. H.'s best interests that parental rights be terminated, and further found that the DCFS had made reasonable efforts, without success, to reunify Mother with her child.

¶4 In her petition on appeal, Mother does not challenge the juvenile court's findings on the grounds for termination that she abandoned her child, failed in her parental adjustment and made no serious effort to support or communicate with her child. Any one of the unchallenged grounds is sufficient to establish grounds for termination of parental rights.

¶5 Mother also challenges the best interests findings, but she does not demonstrate that any of the findings lack adequate support. C.H. had been in the same placement since his August 2013 removal, living there for roughly a third of his life. The caseworker testified that C.H. was integrated and bonded into the family. He is loved and well cared for, and the foster parents wish to adopt him. The finding that it is in C.H.'s best interests is supported by the evidence in the record.

¶6 Because "a foundation for the court's decision exists in the evidence," we affirm the juvenile court's order terminating Mother's parental rights. *See In re B.R.*, 2007 UT 82, ¶ 12.

---